**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

CHRISTOPHER FISCHER,                                    Docket No.:

    Plaintiff,

        vs.

CORELLE BRANDS ACQUISITION HOLDINGS,
INC., et al.

    Defendants.

## NOTICE OF REMOVAL

Defendant Midea America Corp. ("Midea America"), by and through its undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and Fed. R. Civ. P. 81(c), herby removes the above-captioned case from the Circuit Court for Cook County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division.[1]  In support of its Notice of Removal, Midea America states as follows:

1.      Plaintiff filed a state court action captioned *Christopher Fischer v. Corelle Brands Acquisition Holdings et al.*, Case No. 2025L007988 in the Circuit Court of Cook County, Illinois on June 23, 2025.

2.      A copy of the state court docket sheet is attached to this Notice as Exhibit 1, and, pursuant to 28 U.S.C. § 1446(a), a copy of the complete state court file is attached as Exhibit 2.

3.      The lawsuit arises from an alleged injury that occurred on January 15, 2024, when Plaintiff was preparing a meal in his home with an Instant Pot.  Complaint, Exhibit 2, at ¶ 83.

---

[1] Midea America removes this case subject to and without waiver of its defenses, including, but not limited to lack of personal jurisdiction.

According to the Complaint, Plaintiff alleges that as a result of a product defect in the Instant Pot designed, manufactured, and/or sold by Defendants, resulting in the lid "blew off, releasing with sudden and great force the steam and pressure that was still contained within the Instant Pot, and spewing its scalding contents onto Plaintiff Christopher Fischer's breast, abdomen, arm and hand." *Id.* at ¶ 88.

4.      Plaintiff seeks compensatory damages costs, and other additional relief against Defendants.

5.      This Notice of Removal is timely under 28 U.S.C. § 1446(b) because prior to Midea America being served with a summons and the complaint, this case was subject to a bankruptcy stay, which was only lifted on July 9, 2026.  See Complaint ¶ 7; Joint Stipulation and Agreed Order, Exhibit 3.  Because this Notice of Removal is not filed more than 30 days after the bankruptcy stay was lifted, it is timely.

6.      Venue for purpose of this notice of removal is proper in the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. § 1446, as the State Court action originated in the Circuit Court for Cook County, Illinois.

7.      Pursuant to 28 U.S.C. § 1446(d), Midea America has provided written notice of the State Court Action to counsel for Plaintiff and has filed a Notice of Filing in State Court with respect to this Notice of Removal.  A true and correct copy of the Notice of Filing in State Court is attached hereto as Exhibit 4.

8.      Plaintiff is a citizen of the State of North Carolina.  Complaint at ¶ 7.

9.      Midea America is a Florida Corporation with its principal place of business New Jersey.

10. Plaintiff alleges that Defendant Correlle Brands Acquisition Holdings and its predecessor entities have their principal place of business in Illinois. Complaint ¶ 8. However, Plaintiff also alleges that Correlle Brands and its predecessor entities are nominal defendants named only in order to enable Correlle to tender any and all claims to any and all applicable indemnitors, insurance carriers, excess insurance carriers and/or other entities responsible for handling, providing coverage or defending the claims alleged herein. *Id.* at ¶ 6.

11. For purposes of diversity jurisdiction under 28 U.S.C. § 1332, a court must disregard the citizenship of a nominal defendant. *Jimenez v. Kiefer*, 100 F.4th 931, 936 (7th Cir. 2024); *Selfix, Inc. v. Bisk,* 867 F. Supp. 1333, 1335 (N.D. Ill. 1994) ("[I]f a party to a suit is merely a nominal party, its presence in the suit will not defeat removal."). Thus, the citizenship of Correlle Brands must be disregarded for purposes of diversity of citizenship. Accordingly, there is complete diversity between Plaintiff and Defendants under 28 U.S.C. § 1332 because no defendant is a citizen or resident of the same state as the Plaintiff.

12. The citizenship of a nominal defendant must also be disregarded for purposes of the forum defendant rule, 28 U.S.C. § 1441(b)(2), and a nominal defendant need not consent to the removal under 28 U.S.C. § 1446(b)(2)(A).

13. The other defendants identified in paragraphs 8-35 of the Complaint are citizens of countries outside the United States.

14. Accordingly, there is complete diversity between Plaintiff and Defendants under 28 U.S.C. § 1332 because no defendant is a citizen or resident of the same state as the Plaintiff.

15. The amount in controversy exceeds $75,000 and jurisdiction exists pursuant to 28 U.S.C. § 1332. District courts are permitted to make reasonable deductions, reasonable inferences, and other reasonable extrapolations from the documents submitted in support of removal and the

Court may use its judicial experience and common sense in determining if a case meets the federal jurisdictional requirements. *See e.g., Singer v. State Farm Mut. Auto. Ins. Co.,* 116 F.3d 373, 377 (9th Cir. 1997) (a "district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy."); *Chase v. Shop "N Save Warehouse Foods, Inc.,* 110 F.3d 424, 427 (7th Cir. 1997)(concluding that the amount in controversy requirement was satisfied based on a reasonable reading of the complaint and related evidence, even though the complaint did not specify a damages figure.)

16.     It may be "facially apparent" from the pleading itself that the amount in controversy exceeds the jurisdictional minimum, even when the "complaint does not claim a specific amount in damages." *Singer,* 116 F.3d at 376.

17.     In this case, Plaintiff alleges that as a direct and proximate result of the defendants' tortious acts, he suffered "serious, painful, disfiguring, and permanent scalding burn injuries" to his abdomen and other injuries.   Complaint at ¶ 89.

18.     Although Media America denies it has any liability to Plaintiff and demands strict proof of his alleged damages, the amount in controversy in this case clearly exceeds $75,000.

19.     Based upon a review of the docket sheet, no defendant, other than the nominal defendants have been served with process. Thus, the requirements of 28 U.S.C. § 1441(b)(2) have been satisfied.

### **CONCLUSION**

This action is removable to Federal Court pursuant 28 U.S.C. § 1332 since there is diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds the $75,000 threshold for federal jurisdiction.

WHEREFORE, Midea America removes this case to the United States District Court for the Northern District of Illinois, Eastern Division.

**BRYAN CAVE LEIGHTON PAISNER LLP**

BY: */s/ Richard P. Cassetta*
Randy J. Soriano, NDIL # 54058
Richard P. Cassetta, NDIL #6230817
211 N. Broadway, Ste. 3600
St. Louis, MO 63102
Telephone: (314) 259-2000
Fax: (314) 259-2020
randy.soriano@bclplaw.com
richard.cassetta@bclplaw.com

**Attorneys for Defendant Midea America Corp.**

5

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 10th day of July 2026, the foregoing was

served via electronic mail to counsel of record listed below:

Frank V. Cesarone, Esq. (*Firm No. 56079*)
Meyers & Flowers, LLC
225 West Wacker Drive, Suite 1515
Chicago, Illinois 60606

**Attorneys for Plaintiff**


*/s/ Richard P. Cassetta*

6